UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BROOKE PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00643-TWP-TAB |
| | ) | |
| HOMERIVER GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PENDING MOTIONS

## DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTIONS FOR TRO AND FOR EMERGENCY HEARING, ENTRY SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE

On April 2, 2025, *pro se* Plaintiff Brooke Payne ("Payne") initiated this action by filing a Complaint for Emergency Injunctive Relief (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), Motion for Temporary Restraining Order ("Motion for TRO") (Dkt. 3), and Emergency Motion for Hearing and Restoration of Possession ("Motion for Emergency Hearing") (Dkt. 4). Payne is seeking to stop an eviction that was scheduled to take place on April 1, 2025. Because she is seeking to proceed without prepayment of the filing fee, this action is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons explained below, Payne's motion to proceed *in forma pauperis* is **denied**, this action is subject to **dismissal for lack of jurisdiction**, and because the Court lacks jurisdiction, Payne's Motions for TRO and Emergency Hearing are **denied**.

### I.   DISCUSSION

The Court will address Payne's motion to proceed *in forma pauperis*, screen her Complaint, and then discuss her Motions for TRO and for Emergency Hearing.

A.      **Motion to Proceed *in Forma Pauperis* (Dkt. 2)**

Payne has filed two documents titled "Motion to Proceed in Forma Pauperis" and "AO 240: Application to Proceed in District Court Without Prepaying Fees or Costs", though neither is the AO's or Court's form Request to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. 2). In her pleading, Payne states that she is unable to pre-pay the filing fee because she is unemployed, receives public assistance, and does not own significant assets or have access to financial resources. *Id.* at 2. This very limited information is not enough for the Court to determine whether Payne qualifies to proceed *in forma pauperis*. Her motion (Dkt. 2) is therefore **denied**, but Ms. Payne is granted leave to refile this request, using Court's form Request to Proceed in District Court Without Prepaying the Filing Fee, which will assist Ms. Payne in providing the information needed. A copy of the Court's form will be sent to Payne with this Entry.

B.      **Screening the Complaint**

   1. **Screening Standard**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**2. Payne's Complaint**

In her Complaint, Payne seeks "declaratory, injunctive, and equitable relief due to imminent and unlawful eviction scheduled for April 1, 2025, in violation of her Fourteenth Amendment rights to due process and equal protection under the law." (Dkt. 1). Attached to Payne's Complaint are several documents described as "Proof of Payment" and "Court Denials With No Explanation." (Dkt. 1-2). Her claims arise from her eviction from her apartment by Defendant HomeRiver Group ("HomeRiver"), which was scheduled for April 1, 2025.

In December 2024, HomeRiver filed an action in Franklin Township Small Claims Court (the "State Court"), seeking to evict Payne from her apartment for nonpayment of rent (the "Eviction Case").[1] In response, Payne, acting *pro se*, filed several motions attempting to delay her eviction or have the Eviction Case dismissed, all of which were denied. On February 19, 2025, the State Court held an eviction hearing and issued a Prejudgment Order for Possession holding that HomeRiver was entitled to possession of the apartment on March 5, 2025.[2] On February 21, 2025, Payne filed a letter asking for additional time to pay the outstanding rent and to have the February

---

[1] Notice of Claim for Possession of Real Estate and Summons, *HomeRiver Grp. v. Payne*, Case No. 49K09-2412-EV-001151 ("*Payne I*") (Franklin Township Small Claims Ct. filed Dec. 18, 2024).

[2] Prejudgment Order for Possession, *Payne I* (filed Feb. 19, 2025).

19, 2025 Prejudgment Order vacated. The State Court denied that request, and on February 24, 2025, it issued a Writ of Possession.[3]

On February 28, 2025, Payne filed another letter requesting additional time to pay the rent owing. A few days later, on March 3, 2025, Payne appealed the Eviction Case to the Indiana Court of Appeals.[4] The Indiana Court of Appeals stayed the State Court's February 19, 2025 Order of Possession through March 31, 2025.[5] Payne then filed several motions with the State Court and Indiana Court of Appeals requesting that the stay be extended through the conclusion of her appeal, but those requests were all denied, and the stay expired on March 31, 2025. Payne's Eviction Case remains pending, with a damages hearing set for April 14, 2025, and the appeal remains pending.

Payne initiated this federal action on April 2, 2025, seeking to stop her April 1, 2025 eviction. Stated another way, she seeks to vacate the State Court's Prejudgment Order of Possession and Writ of Possession.

A summary of events leading up to this federal action, though not alleged in the Complaint, is based on public state court records, some of which are attached to Payne's Complaint.

### 3. Dismissal of the Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

---

[3] Writ, *Payne I* (filed Feb. 24, 2025).

[4] Notice of Appeal, *Payne v. HomeRiver Grp.*, Case No. 25A-EV-00483 (Ind. Ct. App. filed Mar. 3, 2025).

[5] Order, Case No. 25A-EV-00483 (filed Mar. 4, 2025).

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Payne's claims because Payne is barred from challenging the State Court's orders under the *Rooker-Feldman* doctrine, Section 1983 is inapplicable to HomeRiver, Payne alleges no

conspiracy under Section 1985, and Payne's factual allegations fail to adequately assert a federal claim to give rise to federal question or diversity jurisdiction in this Court.

### a. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Here, Payne plainly seeks review of the orders issued by the State Court in the Eviction Case. This Court accordingly lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Payne's proper course of action to challenge the State Court's orders is to appeal those orders to the Indiana Court of Appeals, which Payne has done.

### b. Inapplicability of Section 1983 to HomeRiver

Payne's Section 1983 claim against HomeRiver must also be dismissed because HomeRiver is not a state actor. "Liability under § 1983 requires proof of two essential elements: that the conduct complained of (1) 'was committed by a person acting under color of state law' and (2) 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S.

327, 331–32 (1986)). Payne's Complaint fails to satisfy the first element because it does not allege that HomeRiver acted "under color of state law." Private businesses, like HomeRiver, are not state actors and are therefore not subject to liability under Section 1983. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797−98 (7th Cir. 2014) (stating there is no Section 1983 for private individuals not acting under color of state law).

### c. Failure to Allege Conspiracy under Section 1985

Section 1985 "permit[s] recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). To state a claim under Section 1985, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in [her] person or property or deprived of any right or privilege of a citizen of the United States.

*Milchtein v. Milwaukee Cnty.*, 42 F. 4th 814, 827 (7th Cir. 2022) (citation omitted). "Additionally, the plaintiff must plead that the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992)). Payne's Complaint does not allege any conspiracy between HomeRiver and any state actor, much less one motivated by discriminatory animus. Payne has therefore failed to adequately allege a claim for relief under Section 1985

### d. Lack of Jurisdiction Due to Insufficient Pleading

As a more general matter, this Court lacks jurisdiction because Payne has failed to adequately plead claims establishing federal subject matter jurisdiction. Payne alleges that HomeRiver is liable for violating her due process and equal protection rights under the Fourteenth Amendment, but Payne has not adequately alleged a violation of either of those rights.

Payne does not specify whether she is asserting a procedural due process claim, substantive due process claim, or both. Regardless, the Complaint does not adequately assert either type of due process claim. Payne does not allege any specific constitutionally protected interest of which she was deprived, or any legal process to which she was entitled but did not receive prior to that deprivation. *See LaBella Winnetka, Inc. v. Will. of Winnetka*, 628 F.3d 937, 943 –44 (7th Cir. 2010) ("To state a Fourteenth Amendment claim for the deprivation of a property interest without due process, a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law.").

Further, Payne does not allege conduct by HomeRiver that rises to the level of a substantive due process violation. Conduct "shocking to the conscience" such that it violates substantive due process exists in only the most "egregious" of circumstances and is reserved for "truly horrendous situations." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The eviction of a tenant pursuant to a valid court order does not rise to the level of a substantive due process violation.

Payne's equal protection claim is also insufficient. The constitution protects one from disparate treatment based on membership in a protected class. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). Payne's Complaint contains no allegation that she was discriminated against by HomeRiver because of her membership in a particular class. *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted).

Because Payne has failed to plead any viable federal claims against HomeRiver, the Court lacks federal question jurisdiction over her claims. And even though Payne does not assert any state law claims against Payne, the Court would lack jurisdiction over such claims because Payne has not alleged diversity of citizenship. Payne appears to be an Indiana citizen, but the Complaint

does not allege the citizenship of HomeRiver. According to public records, HomeRiver is a limited liability company, so its citizenship is the citizenship of all of its members (and the members of those members).[6] *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Without knowing the citizenship of HomeRiver, the Court cannot determine whether diversity of citizenship exists.

For all of the above reasons, the Court lacks jurisdiction over Payne's claims.

**C.     Motions for TRO and for Emergency Hearing (Dkt. 3, Dkt. 4)**

As explained above, the Court lacks jurisdiction over Payne's claims. Payne's single-page Motions for TRO and Emergency Hearing include no additional allegations and merely restate Payne's conclusory claims and request for relief. These Motions identify no basis for emergency relief pursuant to Federal Rule of Civil Procedure 65, nor do they establish this Court's jurisdiction. Accordingly, at this time, the Motions for TRO and for Emergency Hearing must be **denied**.

**D.     Opportunity to Show Cause**

Payne shall have through **Monday, May 5, 2025**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Payne elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the

---

[6] According to Indiana Secretary of State records, "HomeRiver Group" is the assumed business name of "Brick Lane Property Management LLC." This information can be found using the Secretary of State's public business search: https://bsd.sos.in.gov/publicbusinesssearch.

Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Payne claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II.   CONCLUSION

For the reasons stated above, Payne's motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED**. Payne shall pay the $405.00 filing fee to the Clerk of the District Court or submit the necessary motion to proceed *in forma pauperis* no later than **Monday, May 5, 2025**, or this action will be dismissed and final judgment entered without further notice. The Clerk is **directed** to send a copy of the form "Request to Proceed in District Court Without Prepaying the Filing Fee (Non-Prisoner)" to Payne with this Order.

Further, having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction, and Payne's Motion for TRO (Dkt. 3) and Motion for Emergency Motion for Hearing and Restoration of Possession (Dkt. 4) are **DENIED**. Payne is granted leave to file an amended complaint by no later than **Monday, May 5, 2025**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date: 4/3/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BROOKE PAYNE
7905 Housefinch Lane
Indianapolis, IN 46239